UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RANDALL W. DELLINGER.,

    Defendant.
_____/

Criminal Action No.
13-cr-20808

HON. MARK A. GOLDSMITH

## ORDER STRIKING NOTICE (Dkt. 19) & LETTER (Dkt. 20)

Defendant Randall W. Dellinger is represented in this action by counsel, Elias Escobedo, Jr. Nevertheless, acting pro se, Defendant filed a notice (Dkt. 19) and letter (Dkt. 20) with the Court.

Since Defendant is represented by counsel, Defendant is attempting to proceed in a "hybrid" fashion, both through counsel and pro se by way of his submissions. See United States v. Mosely, 810 F.2d 93, 97-98 (6th Cir. 1987) ("the question whether to allow a defendant to participate in his own defense along with counsel in 'hybrid representation' is a matter committed to the sound discretion of the trial court"). The Court, in the exercise of its discretion, will not permit Defendant to proceed in a hybrid manner. Therefore, the Court strikes Defendant's pro se notice (Dkt. 19) and Defendant's pro se letter (Dkt. 20).[1]

---

[1] Defendant's notice purports to provide notice under Federal Rule of Criminal Procedure 12.3 that he intends to "rely on the defense of public authority with regards to the commission of the offenses charged in this matter and will offer proof of the defense at the trial." See Def. Notice at 1 (Dkt. 19). In his cover letter to the notice, Defendant also claims to be presenting a "motion" to the Court to "change his plea to the original plea." Therefore, it is unclear whether Defendant's filing is merely a notice, or also a motion. The same uncertainty holds true for Defendant's letter, which seeks relief but is not titled a motion. To the extent these documents

However, the Court notes that Defendant indicates in the cover letter to his notice that he is concerned that his attorney, Mr. Escobedo, "seems to have a possible conflict of interest or understanding due to his relationship with a Mr. William Nixon and his association with the psychiatric community." Def. Notice at 3 of 5 (cm/ecf pagination). Defendant's counsel is ordered to file a memorandum on or before June 20, 2014 — limited to three pages, double spaced — addressing whether such a conflict of interest exists. A copy of the memorandum must also be sent to Defendant.

SO ORDERED.

Dated:  June 16, 2014           s/Mark A. Goldsmith
        Flint, Michigan         MARK A. GOLDSMITH
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 16, 2014.

                                s/Deborah J. Goltz
                                DEBORAH J. GOLTZ
                                Case Manager

Dated:  June 16, 2014
        Flint, Michigan

---

are motions, the Court denies them without prejudice for the same reason, i.e., that Defendant is attempting to proceed in a "hybrid" fashion while represented by counsel.