UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                         Plaintiff,

v.

RANDALL W. DELLINGER,

                         Defendant.
_____/

Criminal No. 13-cr-20808

Hon. Mark A. Goldsmith
United States District Judge

## ORDER GRANTING DEFENDANT'S EMERGENCY MOTION TO STAY (Dkt. 21)

On June 10, 2014, the Court issued an Opinion and Order granting the Government's request to involuntarily administer medication to Defendant Randall Dellinger to restore him to competency to stand trial. 6/10/14 Op. and Order (Dkt. 18). In its decision, the Court concluded that the Government retained a significant interest in prosecuting Defendant because, among other things, (1) the likelihood of civil commitment was uncertain and (2) the length of Defendant's confinement while the Government attempted to restore competency and prosecute him did not diminish that interest. Id. at 4-10.

Defendant filed the instant emergency motion to stay the Court's decision on June 12, 2014. Def. Mot. (Dkt. 21). Defendant requests that the Court stay its decision pending his appeal of the decision to the United States Court of Appeals for the Sixth Circuit. Id. Defendant claims a stay is appropriate because: (1) he is likely to succeed on the merits of his appeal; (2) there is a great possibility of irreparable harm to Defendant if involuntary medication is started; and (3) there is little injury to the Government and the public interest by a stay. Id.

1

The Government filed a response on June 16, 2014. Gov't Resp. (Dkt. 26). The Government concurs that a stay is appropriate pending resolution of the appeal, and it states that the administration of involuntary medication has not yet begun. Id. at 3.

In light of the significant interests at stake, and the Government's concurrence in Defendant's request, the Court will stay its June 10, 2014 Opinion and Order pending resolution by the United States Court of Appeals for the Sixth Circuit. Accordingly, the Court grants Defendant's motion (Dkt. 21).

However, despite the fact that the Court grants Defendant's request, Defendant raises an argument in his motion that the Court must address so as to clarify the record. Defendant suggests that he is likely to succeed on the merits of his appeal because the Court purportedly erred in its treatment of a possible insanity defense. Def. Mot. at 2-3. In particular, the Court noted in its Opinion and Order that "Defendant purportedly has not notified the Government of an intent to raise an insanity defense at trial, nor does he mention an intent to do so in his supplemental brief." 6/10/14 Op. and Order at 6. Defendant now claims that the Court erred in raising this point because, under Federal Rule of Criminal Procedure 12.2, he has until the pre-trial motion deadline to notify the Government of his intent to raise this defense, and that deadline has not yet passed. Def. Mot. at 3.[1]

Defendant's argument is flawed for three reasons. First, and perhaps most importantly, the Sixth Circuit has expressly held that the possibility of raising an insanity defense is not a "special circumstance" that diminishes the Government's interest under Sell. United States v. Mikulich, 732 F.3d 692, 699-701 (6th Cir. 2013). In other words, "where the Government has

---

[1] Defendant broadly claims that he "believes that the District Court erroneously concluded that an important governmental interest is at stake in this case and is therefore supportive of involuntary medication, which was not overcome by the special circumstances of this case." Def. Mot. at 2-3. Aside from the insanity-defense issue discussed here, Defendant fails to identify with any particularity other areas where he believes the Court erred.

2

already demonstrated an important interest in prosecuting the defendant, the potential assertion of an insanity defense does not undermine the Government's interest in taking the case to trial." Id. at 701. Therefore, Defendant's focus on a possible insanity defense as showing why he is likely to succeed on the merits of his appeal is misplaced.

Second, the possibility of claiming an insanity defense is not something Defendant previously raised as undermining the Government's interest in prosecution. Before ruling on the Government's request for involuntary medication, the Court gave the parties an opportunity to submit supplemental briefing explaining whether any special circumstances diminished the Government's interest in prosecuting Defendant. See 4/2/14 Order (Dkt. 13). The Government filed a supplemental brief setting forth many arguments for why it retained an interest in prosecution, including that the insanity defense is not a valid basis for finding diminishment of the Government's interest, and, even if it was, Defendant had "not raised or provided the government with notice of any intent to raise an insanity defense to the charge in the indictment." Gov't Supp. Br. at 9 (Dkt. 16) (citing Fed. R. Crim. P. 12.2). Defendant did not respond to this argument, or even mention the insanity defense in his supplemental brief. Def. Supp. Br. (Dkt. 17). As such, for Defendant to now suggest that the Court erred in not considering a possible insanity defense as diminishing the Government's interest — when he failed to even raise this argument himself — is disingenuous. See Mikulich, 732 F.3d at 701 (highlighting that the defendant had not "explicated his theory of insanity or produced any relevant expert reports," and noting that a Rule 12.2 notice had not yet been given).

Lastly, Defendant misinterprets why the Court included language regarding the insanity defense in its decision. The Court's language was not intended to suggest that the time for Defendant to provide the Government with the requisite notice had already lapsed; rather, in

3

explaining why civil commitment was uncertain, the Court was simply noting that it was unclear whether some or all of the criminal acts that had been raised — including the allegations in this case, Defendant's two prior convictions, his arrest for allegedly striking his daughter, and his purported threatening calls to the pretrial services officer — arose out of Defendant's mental illness. To that end, the Court noted that Defendant had not "notified the Government of an intent to raise an insanity defense at trial, nor does he mention an intent to do so in his supplemental brief." 6/10/14 Op. and Order at 6. This point was not central to the decision.

Therefore, Defendant's argument regarding the possible insanity defense is misplaced. However, as discussed above, the Court grants Defendant's request to stay the June 10, 2014 decision in light of the significant personal and constitutional issues at stake, as well as the Government's concurrence in Defendant's request.

SO ORDERED.

Dated:  June 17, 2014               s/Mark A. Goldsmith
        Flint, Michigan             MARK A. GOLDSMITH
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 17, 2014.

                                    s/Deborah J. Goltz
                                    DEBORAH J. GOLTZ
                                    Case Manager