UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

RANDALL W. DELLINGER,

          Defendant.
_____/

Criminal No. 13-cr-20808

Hon. Mark A. Goldsmith
United States District Judge

**ORDER REGARDING DEFENDANT'S NOTICE (Dkt. 19)**

On June 20, 2014, the Court received a pro se "notice" from Defendant Dellinger purporting to provide notice that Defendant intends to "rely on the defense of public authority with regards to the commission of the offenses charged in this matter." See Notice (Dkt. 19). As part of the cover letter for this pro se notice, Defendant wrote that his counsel — Mr. Elias Escobedo, Jr. — "seems to have a possible conflict of interest or understanding due to his relationship with a Mr. William Nixon and his association with the psychiatric community." Id.

The Court struck Defendant's notice because he was attempting to proceed in a "hybrid" fashion, i.e., both through counsel and pro se by way of his submission. See 6/16/14 Order (Dkt. 25). The Court, in its exercise of discretion, refused to permit Defendant to proceed in this manner. Id. Nevertheless, given Defendant's concerns regarding a possible conflict of interest, the Court ordered Defendant's counsel to file a memorandum "addressing whether such a conflict of interest exists." Id. at 2.

Defendant's counsel filed his memorandum on June 20, 2014. See Def. Mem. (Dkt. 28). Defendant's counsel "adamantly denies" having any conflict, and highlights that he has opposed

1

efforts to have Defendant involuntarily medicated, including requesting a stay and filing an appeal of this Court's order granting the Government's request for involuntary medication. Id. at 2-3. Counsel states that he has sent all of these documents to his client, and that he is sure Defendant will now realize that "the efforts of defense counsel are on behalf of Mr. Dellinger's and align with his wishes," such that Defendant "will determine that no conflict of interest exists." Id. at 3.

With respect to Dr. Nixon, counsel states that this relationship "narrowly consisted of obtaining funds to acquire a second opinion . . . as to Mr. Dellinger's competency and ability to stand trial." Id. at 1-2. Counsel "denies any relationship with Dr. Nixon or other members of the psychiatric community that would create a conflict of interest of any kind." Id. at 2. Defendant's counsel concludes by noting that, "at this time [he] does not feel that there has been a breakdown of the relationship to the extent that substitute counsel is necessary." Id. at 3.

Having reviewed the memorandum, the Court is persuaded that no conflict of interest exists and that a substitution of counsel would not be warranted. Accordingly, no further action is required by the Court at this time.

SO ORDERED.

Dated: June 23, 2014  s/Mark A. Goldsmith
    Flint, Michigan  MARK A. GOLDSMITH
        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 23, 2014.

        s/Deborah J. Goltz
        DEBORAH J. GOLTZ
        Case Manager