UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

Plaintiff,

v.

RANDALL W. DELLINGER,

Defendant.

NO.   13-cr-20808

HON.LINDA V. PARKER
United States District Judge

HON. MICHAEL HLUCHANIUK
United States Magistrate-Judge

## ORDER FOLLOWING REMAND TO SET ASIDE STAY OF PROCEEDINGS (R. 27) AND TO REINSTATE ORDER GRANTING GOVERNMENT'S REQUEST TO INVOLUNTARILY ADMINISTER MEDICATION TO DEFENDANT TO RESTORE COMPETENCY (R. 18)

Following receipt of reports from the staff at the United States Medical Center, Springfield, Missouri, concerning defendant's competency evaluation, the Court scheduled a hearing pursuant to *Sell v. United States*, 539 U.S. 166 (2003).   A hearing was held on March 5, 2014.   At the close of the hearing the government moved for an order that defendant be involuntarily medicated to restore him to competency.   On June 10, 2014, this Court issued an opinion and order granting the government's request to

1

involuntarily administer medication to defendant to restore him to competency.   (R. 18).

On June 12, 2014, defendant moved for an emergency stay of the execution of the order permitting the government to involuntarily treat defendant with medication to restore his competency.   (R. 21).   A notice of appeal was filed by defense counsel on June 13, 2014.   An order granting defendant's motion to stay the proceedings was issued on June 17, 2014.   (R. 27).

On December 17, 2014, the Sixth Circuit Court of Appeals issued an opinion affirming this Court's order to involuntarily administer medication to defendant and remanded the case for further proceedings.   (R. 36).   A mandate was filed on January 9, 2015.

At a status conference held on February 5, 2015, defense counsel formally objected to defendant being forced to submit to medicated treatment.   The parties however agreed that in light of the ruling from the Sixth Circuit that defendant shall remain hospitalized for treatment at the Bureau of Prisons, Federal Medical Center, Springfield, Missouri.   Based on the testimony presented at the *Sell* hearing, the parties further agreed that

defendant custodial hospitalization shall be extended for a period not to exceed six months from the date of this order.

Based on these facts and the Court being otherwise fully advised;

**IT IS ORDERED** that this Court's order staying the proceedings (R. 27) is set aside.   **IT IS FURTHER ORDERED** that Pursuant to Title 18, United States Code, Section 4241(d)(2), defendant's custodial hospitalization for treatment of his mental health condition shall be extended for a period of six months.   During the custodial period, medical staff at the Bureau of Prisons may treat defendant in accordance with the order of this Court issued on June 10, 2014, which provides that:

> medication shall be administered to Defendant in accordance with the treatment plan outlined by Dr. Sarrazin in his report dated February 4, 2014.   The Court also authorizes Dr. Pietz, Dr. Sarrazin, or any other medical providers working under their supervision to perform physical and laboratory assessments and monitoring that are clinically indicated to monitor for medication side effects, provided such assessments and monitoring do not raise the risk of significant side effects that would interfere with Defendant's ability to assist counsel with his defense.
>
> … **IT IS FURTHER ORDERED** that the Government shall provide the Court and Defendant's counsel with a summary letter or report on Defendant's progress and any side effects from the medication every 45 days from the start of the medication's administration.

Defendant is ordered to comply with the directions of Dr. Pietz, Dr. Sarrazin, or any other medical providers working under their supervision, regarding the oral administration of antipsychotic medications and monitoring for side effects, as outlined in the treatment plan contained in Dr. Sarrazin's February 4, 2014 report.  If Defendant does not comply with this Court's Order, he shall be involuntarily medicated in the manner described in the treatment plan contained in Dr. Sarrazin's February 4, 2014 report.  Moreover, in line with Payne, the Court orders  the following  restrictions on involuntary medication:  (1) medical staff must request that Defendant take the medication orally before any forced injection is given, and must explain the potential side effects to Defendant;  (2) medical staff must closely monitor Defendant's health, with the understanding that treatment is to be stopped immediately in the face of any major side effects or other problems (i.e., issues that could cause irreversible or significant harm); and (3) to the extent any major issues or side effects begin to arise, a report must be made to the, Court, the Government, and Defendant's counsel within five days.

Lastly, pursuant to the Court's order dated March 24, 2014 (Dkt. 12), as soon as Defendant is restored to competency, the Government shall file a report setting forth the results of the treatment and recommendations for further medical treatment and monitoring during future proceedings in this case.

A competency hearing is scheduled for <u>July 21, 2015 at 11:00 a.m.</u>
If defendant is restored to competency before the scheduled hearing, defendant shall be returned to the Eastern District of Michigan and the Court will set a new and accelerated hearing date.

**IT IS SO ORDERED.**

<u>s/ Linda V. Parker</u>
LINDA V. PARKER
United States District Court Judge

Dated: February 5, 2015

5